CANTILLON, Administrator, &c. *against* GRAVES, Sheriff, &c.

In an action of debt against a sheriff, for the escape of G. a prisoner in his custody on execution, at the suit of the plaintiff, the defendant pleaded, that on the 1st October, 1810, G. escaped, against the will of the defendant, and that he returned into gaol, before the commencement of the plaintiff's suit, and continued in gaol until the 6th October, 1810, when he presented his petition to the court of common pleas, &c. and was discharged out of custody on the said execution, by order of the court of common pleas, having full power and authority for that purpose, pursuant to the *act for the relief of debtors, with respect to the imprisonment of their persons,* (sess. 24. c. 66.) it was held, on general demurrer, that the plea was sufficient to show that the court of common pleas had jurisdiction in the case, and that the discharge was a sufficient justification to the sheriff, who has no concern with the regularity of the proceedings before the court.

THIS was an action of debt, for the *escape* of one *Green*, in the custody of the defendant, as sheriff of the county of *Clinton*, on a *ca. sa.* issued against *Green*, at the suit of the plaintiff. The defendant pleaded that *Green*, on the 1st of *October*, 1810, broke the gaol, and escaped, against the will of the defendant; and afterwards, on the same day, and before the exhibiting the bill of the plaintiff, voluntarily returned into the gaol, and into the custody of the defendant, and continued in prison, in his custody, until the 6th day of *October*, 1810, when *Green* presented his petition to the court of common pleas of the county of *Clinton*, with an inventory, &c. praying that an assignment of his estate might be made, that he be discharged from his imprisonment on the said execution, and that the said court of common pleas, then and there, having full power and authority for the purpose, did order and assign a time for the said *Green* to be heard on his petition, according to the direction of the act for the relief of debtors, with respect to the imprisonment of their persons, to wit, the 6th *October*, 1810; and the said *Green* being brought into court, and having taken the oath prescribed in the said act, and the said court being satisfied that the proceedings, on the part of the said *Green*, were just and fair, did order his estate, &c. to be assigned, &c.; and the said assignment being then and there made by the said *Green*, &c. the said court having full power and authority for that purpose, did order the said *Green* to be discharged from his imprisonment on the said execution, &c.; and that

the defendant being served with a copy of the order, discharged the said *Green*, &c. and that this is the same escape whereof the plaintiff complains, &c. wherefore, &c.

NEW-YORK,
October, 181.

CANTILLON
v.
GRAVES.

To this plea there was a general demurrer, which was submitted to the court without argument.

*Per Curiam.* The plea, even if it be defective in matter of form, (and in that view we have not examined it,) is good in substance, upon general demurrer. It is the same as the second plea in the case of *Currie & Whitney* v. *Henry.* (2 *Johns. Rep.* 433.) It states enough to show that the court of common pleas had jurisdiction in the case of the prisoner, and their discharge was a justification to the defendant, as sheriff. He had no concern with the regularity of the proceedings before the court. It was enough that the prisoner charged in execution for the sum mentioned, presented a petition and inventory to the court, and prayed that he might be discharged from imprisonment in that case, and that the court did take cognisance of the petition, according to the directions of the statute named, and that they had authority for that purpose, and that the prisoner was discharged, &c.

Judgment for defendant.